STATE OF NORTH CAROLINA　　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
COUNTY OF STOKES　　FILED　　　　　　　　23 CVS 221
　　　　　　　　2023 MAR 30 P 12:50

WILLIAM FULP WRECKER SERVICE, INC.
　　Plaintiff,
　　BY KT

　　v.　　　　　　　　　　　　　　　　　　　　COMPLAINT

MILLER TRANSFER AND RIGGING CO.
　　Defendant.

　　　　NOW COMES the Plaintiff, William Fulp Wrecker Service, Inc., by and through counsel complaining of the Defendant and hereby alleges and says as follows:

1. The Court has jurisdiction over the subject matter of the claims contained herein pursuant to N.C. GEN. STAT. §§ 7A-240 and 243.

2. The claims contained herein are brought within the statute of limitations set forth in N.C. GEN. STAT. § 1-52 *et seq*.

3. Plaintiff, William Fulp Wrecker Service, Inc. (hereinafter "Fulp's") is a domestic corporation organized and existing under and by virtue of the laws of the State of North Carolina, with its registered and principal office located at 3494 N.C. Hwy 89 West, Danbury, North Carolina, 27016.

4. That Fulp's is, and was at all relevant times complained of herein, regularly engaged in, among other things, providing hazardous material clean-up, and environmental mitigation, remediation, and restoration services for hire in the ordinary course of its business.

5. Upon information and belief, Defendant, Miller Transfer and Rigging Co. (hereinafter "Miller") is a foreign corporation organized and existing under and by virtue of the laws of the State of Ohio.

6. Upon information and belief, Defendant owns and/or operates commercial vehicles hauling cargo in interstate commerce and is registered with the Federal Motor Carrier Safety Administration.

7. Upon information and belief, Defendant is engaged in substantial activity within the State of North Carolina by virtue of its interstate transportation services.

8. Upon information and belief, Defendant has registered, appointed, and duly authorized ALL AMERICAN AGENTS OF PROCESS to serve as its Blanket Process Company to receive and accept process on its behalf within any state in the United States of America.

9. This Court has jurisdiction over the Defendant pursuant to N.C.G.S. § 1-75.4 and over the subject matter of this action.

10. That on or about April 7, 2020, at approximately 2:17 p.m. a tractor trailer operated by Miller was traveling west on NC Hwy. 66 in Forsyth County, North Carolina, hauling an overwidth load.

11. That said tractor trailer traveled left of the center line in order to navigate through an overhead line when the left side of the trailer traveled onto the left shoulder of the roadway and overturned onto its left side.

12. That the above-described wreck resulted in the release of approximately twenty-five (25) gallons of hydraulic fluids and more than fifty (50) gallons of motor oil and diesel fuel onto the roadway and the surrounding area.

13. That Winston-Salem/Forsyth County Office of Emergency Management recognized the spill of hazardous material and the immediate need for mitigation due to the volume of the spill.

14. That Fulp's was directed by the Winston-Salem/Forsyth County Office of Emergency Management to contain, clean-up, and remediate the impacted areas.

15. That Fulp's mobilized its hazmat crew and responded to the scene with necessary equipment and resources.

16. That Fulp's hazmat crew worked to contain and minimize contamination of the impacted area and cleared the roadway then returned to the scene on April 10, 2020, to complete the clean-up and remediation.

17. That Fulp's contracted with GeoScience & Technology to provide geological consulting and assessment services at the impacted area.

18. During all of its work, Fulp's followed all procedures, regulations, and any guidelines set forth by the North Carolina Department of Environmental Quality (hereinafter "NCDEQ") and upon completion submitted final samples and the geologist's report and analysis to NCDEQ to ensure no further contamination existed.

19. Plaintiff invoiced Defendant for the hazardous material cleanup and remediation services as set forth in the Invoice attached hereto as "Exhibit A" and incorporated by reference as if fully set forth herein.

20. Defendant has thus far refused to make any payment on the $77,852.78 owed under said Invoice.

21. All of Plaintiff's fees are a statutory indebtedness owed by the Defendant as the party responsible for the unauthorized discharge of the hazardous materials.

22. Plaintiff provided hazardous material clean up and remediation services at the direction of Winston-Salem/Forsyth County Office of Emergency Management.

23. Defendant was the operator and entity responsible for the unauthorized discharge of hazardous material from the tractor trailer.

24. Plaintiff provided hazardous material clean up and remediation services on behalf of Defendant with the expectation of payment for said services.

25. Plaintiff's services were provided on behalf of Defendant to prevent further property damage and to repair the damage that had already occurred.

26. Plaintiff's services were not conferred gratuitously or officiously.

27. Defendant was aware, or should have been aware, that Plaintiff expected to be paid for the hazardous material clean up and remediation services provided.

28. Plaintiff has not been paid for the hazardous material clean up and remediation services provided at the direction of Winston-Salem/Forsyth County Office of Emergency Management.

29. Defendant directly benefited from the hazardous material cleanup and restoration services provided by Plaintiff.

30. Defendant has been unjustly enriched at Plaintiff's expense.

31. Defendant received the benefit of Plaintiff's hazardous material clean up and remediation services without bearing the burden of paying for said services.

32. Plaintiff is entitled to the fair value of the hazardous material clean up and remediation services rendered at the direction of Winston-Salem/Forsyth County Office of Emergency Management.

33. As a direct and proximate result of Defendant's acts and omissions, Defendant has been unjustly enriched at Plaintiff's expense and Plaintiff has been damaged by $77,852.78, plus interest as allowed by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Honorable Court for the following relief:

3

1. That Plaintiff have and recover from the Defendant the sum of $77,852.78 plus interest as allowed by law for services rendered to the Defendant for hazardous material clean up and remediation services.

2. That the reasonable costs of this action be taxed to the Defendant, including reasonable sums for attorney fees and pre-judgment interest as allowed by law.

3. For a trial by jury on all issues so triable.

4. For such other and further relief to which the Plaintiff may be entitled and which this Honorable Court deems just and proper.

This the 24th day of March, 2023.

FINGER, ROEMER, BROWN & MARIANI, L.L.P.
Attorneys for the Plaintiff

*(signature)*

Andrew G. Brown
N.C. State Bar No.: 28449

Post Office Drawer 8
Jonesville, NC 28642
Phone: (336) 835-4000
Fax: (336) 835-8961
E-mail: Brown@FRBMLaw.com

4