IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM FULP WRECKER  )
SERVICE, INC.,  )
  )
          Plaintiff,  )
  )
v.  )    1:23-CV-368
  )
MILLER TRANSFER AND  )
RIGGING CO.,  )
  )
          Defendant.  )

# ORDER

The defendant Miller Transfer and Rigging filed a motion for judgment on the pleadings. The United States Magistrate Judge filed a recommendation that the motion be denied, Doc. 22, and Miller objected to the Recommendation. Doc. 24.

Miller says that the Magistrate Judge focused on facts surrounding the invoices and not on the language of the release. This is not so; the Magistrate Judge specifically discussed the narrow language of the release directed to one particular invoice and its absence of broad language covering any and all claims. Doc. 22 at 7-8. Moreover, discussion of the facts is not inappropriate; as the case cited by the Magistrate Judge holds, "the specific facts of the case" can "create more than one reasonable interpretation of the contractual provisions." *Galloway v. Snell*, 384 N.C. 285, 288 (2023).

Miller next says that the Magistrate Judge never addressed whether the release was unambiguous and erred in finding that the release did "not unambiguously support" Miller's broad reading. It is true that the Magistrate Judge did not recommend a final

decision on whether the release is ambiguous or unambiguous, suggesting that the issue be deferred to summary judgment or trial. But the Court agrees that the release does not unambiguously support Miller's affirmative defense and agrees that deferral of the issue is an appropriate approach, given the procedural posture.

According to the pleadings, there are two different invoices. The plaintiff seeks to recover for the remediation services reflected in Invoice 2111. Doc. 3 (complaint); Doc. 3-1 (Invoice 2111). Yet the release, Doc. 5-1, mentions only Invoice 2108, and is silent about Invoice 2111. The release refers to charges for towing, storage, and removal of cargo set forth in Invoice 2108, and it does not refer to the remediation services charged in Invoice 2111. And the unmentioned invoice is dated before the date of the release. The release does not cover any and all claims of whatever source or nature and only releases claims "related to" Invoice 2108, the specifically-identified invoice.

So this may be a case where the facts "create more than one reasonable interpretation" about the intent of the parties or it may be that if the material facts are undisputed the release is unambiguously in favor of one party or the other.[1] Miller has not met its burden for judgment on the pleadings as to its affirmative defense.

After *de novo* review, the Court hereby adopts the Magistrate Judge's Recommendation.

---

[1] The plaintiff, Fulp Wrecker, did not move for judgment on the pleadings, so whether the release is unambiguous in its favor is not directly before the Court. While Fulp Wrecker did not file objections to the recommendation, it did, in its response to Miller's objections, contend that the release is not ambiguous and plainly applies only to the dispute over Invoice 2108, not any dispute over Invoice 2111.

It is **ORDERED** that the defendant's motion for judgment on the pleadings, Doc. 13, is **DENIED**.

This the 6th day of March, 2024.

_____
UNITED STATES DISTRICT JUDGE

3

Case 1:23-cv-00368-CCE-JEP   Document 26   Filed 03/06/24   Page 3 of 3